People v Moore (2020 NY Slip Op 02625)





People v Moore


2020 NY Slip Op 02625


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-05210
 (Ind. No. 75/16)

[*1]The People of the State of New York, respondent,
v
Jerry Moore, appellant.


Janet E. Sabel, New York, NY (Justine M. Luongo and William B. Carney of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William E. Garnett, J.), rendered May 9, 2017, convicting him of aggravated cruelty to animals, overdriving, torturing, and injuring animals, intimidating a witness in the third degree, and criminal contempt in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Stephen J. Rooney, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The police officers' entry into the apartment occupied by the defendant and his wife was made with the wife's consent. Therefore, the officers' entry into the apartment without a warrant did not render the defendant's later statements inadmissible (see Payton v New York, 445 US 573, 590; People v Garvin, 30 NY3d 174).
The defendant's contention that the People failed to prove beyond a reasonable doubt his guilt of criminal contempt in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. In addition, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt of aggravated cruelty to animals and intimidating a witness in the third degree beyond a reasonable doubt. Further, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the opportunity of the fact finder to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those three crimes was not against the weight of the evidence (see People [*2]v Romero, 7 NY3d 633).
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court